IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEDRO G. BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-812-MHT |
| | ) |
| THE STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Pedro G. Bennett, an indigent inmate confined at the Elmore County Jail on pending state criminal charges for first degree robbery, first degree assault and first degree burglary. Doc. 1 at 1. "[A] 70 year old woman was shot in these alleged offenses." Doc. 1 at 1. In this complaint, Bennett alleges that Randall V. Houston, the District Attorney for the Nineteenth Judicial Circuit of Alabama, committed "libel of defamation" during a television interview addressing these criminal charges. Doc. 1 at 1.

Upon a thorough review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). [1]

## II.  DISCUSSION

### A.  The State Alabama

Bennett names the State of Alabama as a defendant.  The law is well-settled that the State of Alabama is absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).  There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S.Ct. 1632, 1637–38, 179 L.Ed.2d 675 (2011).  "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S.Ct. 1651, 1658, 179 L.Ed.2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)). "Waiver may not be implied." *Id*.  Likewise, "Congress' intent to abrogate the States' immunity from suit must be

---

[1] This court granted Bennett leave to proceed *in forma pauperis* in this civil action.  Doc. 3.  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015). Thus, the State of Alabama may not be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849. "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, any claims lodged against the State of Alabama are frivolous as these claims are "based on an indisputably meritless legal theory[,]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), and are therefore due to be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. The Libel/Defamation Claim

Bennett bases his complaint on a claim of libel/defamation. This claim provides no basis for relief.

> In order to state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that the complained of "conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). A person's reputation by itself, however, is not a "liberty" or "property" interest that is protected by the Fourteenth Amendment and its due process principles. *Moncrieffe v. Broward Cnty. State Attorney's Office*, 516 F. App'x 806, 807 (11th Cir. 2013) (unpublished). "[N]o constitutional doctrine [exists] converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976). That is,"[a]n alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983." *Padgett v. Mosley*, CA No. 2:05–CV–0608–MEF, 2007 WL 2409464, at *7 (M.D.Ala. Aug. 20, 2007) (unpublished).
>
> "Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991).
>
> The state-tort of defamation encompasses slander, which is based on an oral statement, as compared to a written statement. Black's Law Dictionary, Defamation (9th ed. 2009). Likewise, slander is not recognized as a violation of federal law. *Charles v. Scarberry*, 340 F. App'x 597, 599–600 (11th Cir.2009) (unpublished); *see Barley v. Autauga Cnty. Comms's*, CA No. 2:14–CV–55–TMH, 2014 WL 584255, at *2 (M.D. Ala. 2014) (A "slander and defamation claim fails to state a claim of constitutional proportion since the Constitution does not forbid defamation, libel or slander.").

*Lee v. Jackson*, 2014 WL 5093126, at *2–3 (S.D. Ala. Oct. 10, 2014).

4

Bennett's libel/defamation claim alleging a violation of his constitutional rights is frivolous and, as such, subject to summary dismissal with prejudice as directed by 28 U.S.C. § 1915(e)(2)(B)(i).

### C.  State Criminal Charge for Defamation

Insofar as Bennett seeks to have state criminal charges brought against defendant Houston for defamation, Doc. 1 at 1, ¶ 7, he is due no relief from this court.  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, *1 (6th Cir. 1999) ("[T]he district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his] belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003) (finding that criminal statutes "do not convey a private right of action."); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (finding no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to

willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985).""). Thus, the request for criminal prosecution of defendant Houston is premised upon the violation of a legal interest which clearly does not exist and is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Supplemental Jurisdiction

To the extent Bennett seeks relief from this court on a pendent state law claim of libel/defamation, he is likewise entitled to no relief. Review of any pendent state tort claim is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over any potential state tort claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A.

6

Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

Since the federal claims presented by Bennett provide no basis for relief in the instant cause of action, the court concludes that the pendent state law claim is due to be dismissed. *Gibbs*, 383 U.S. at 726 (holding that when the federal claims are dismissed prior to trial the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state tort claim of libel/defamation and makes no determination with respect to the merits of this claim.

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.   The plaintiff's libel/defamation claim brought as a constitutional violation under 42 U.S.C. § 1983 be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's request for criminal prosecution of defendant Houston be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The plaintiff's claims against the State of Alabama and District Attorney Randall V. Houston for alleged violations of his constitutional rights be dismissed with prejudice as directed by 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's supplemental state tort claim of libel/defamation be dismissed without prejudice to any right the plaintiff may have to proceed on this claim before the state courts.

5. This case be summarily dismissed.

The plaintiff may file objections to the instant Recommendation on or before **October 10, 2018**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1;

*see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

    Done this 26th day of September, 2018.

                                    _____
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE